IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00324-WDM-PAC

PRINCE LIONHEART, INC.,

    Plaintiff(s),

v.

HALO INNOVATIONS, INC.,

    Defendant(s).

---

### MINUTE ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE PATRICIA A. COAN**

    IT IS HEREBY **ORDERED** that the Joint Motion for Entry of Stipulated Protective Order Re Confidentiality [filed October 12, 2006; Doc. No. 23] is **GRANTED.**

Dated: October 16, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:06-00324-WDM-PAC

PRINCE LIONHEART, INC., a California Corporation

    Plaintiff,

v.

HALO INNOVATIONS, INC., a Minnesota Corporation

    Defendant.

**[PROPOSED] STIPULATED PROTECTIVE ORDER RE CONFIDENTIALITY**

    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Prince Lionheart, Inc. ("Plaintiff"), by and through their undersigned attorneys, and Defendant Halo Innovations, Inc. ("Defendant"), by and through their undersigned attorneys, hereby agree that all discovery and other materials exchanged by the Parties or filed with the Court in the above-captioned action shall be provided subject to the following conditions:

    1.    Plaintiff and Defendant (collectively referred to as the "Parties") or any non-party may designate as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" all or any part of any discovery and other materials exchanged by the Parties or filed with the Court, including without limitation, documents and things, pleadings, motions, interrogatory answers, answers to deposition questions, and responses to requests for admission, which contain sensitive financial, patent, trademark, copyright, trade secret, marketing, customer, research, or product development information, or any other document or thing containing other information of such a nature as to be protectable under Rule 26(c)(7) of the Federal Rules of Civil Procedure. Except

1

as set forth in paragraph 7, such designations shall be made by stamping the document "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" and shall be as specific as the context of the information reasonably permits so as not to include non-confidential information. All such designated discovery and other materials are referred to herein as "Confidential Material."

Notwithstanding such designation, Confidential Material does not include information or material: (a) obtained independent of any party to this litigation as to which no obligation of confidentiality applies; (b) that is in the public domain or accessible to the public or trade at the time exchanged or filed; (c) that enters the public domain or becomes accessible to the public or trade through no fault of the recipient after the time of exchange or filing; (d) that is disclosed or made available to the recipient by a third party without restriction and without there having been a breach of an obligation of confidence owed by the third party to Plaintiff or to Defendant; (e) that is known by the recipient at the time of exchange or filing, as shown by documentary evidence that the recipient may provide to the person claiming confidentiality at any time within five (5) business days from the date of exchange or filing; (f) that is independently developed by the recipient without reference to the exchanged or filed information or material; (g) that is or was disclosed by the party designating it CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY to any third person, if this is or was not done under the terms of a written confidentiality or non-disclosure agreement containing terms and conditions the same as or very similar to the terms and conditions of this Agreement; and (h) that is disclosed by the recipient as required by judicial action.

2.  The CONFIDENTIAL - ATTORNEYS' EYES ONLY designation shall be limited to Confidential Material which contains or comprises sensitive financial, marketing,

customer or commercial information, and research and development directed to future products.

3. Confidential Material shall be revealed only to Qualified Persons (defined in paragraph 4 below), their clerical, support and secretarial staffs, paralegals, and assistants and used only for preparation and trial of this action.

4. Confidential Material may be disclosed only to the following Qualified Persons:

(A) For Confidential Material designated either CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY:

(i) Outside counsel and counsel of record in Case No. 1:06-00324-WDM-PAC and staff employed by such counsel (collectively, "Outside Counsel");

(ii) Subject to paragraphs 5 and 6 below, expert and third party technical service contractors who are not present employees of either party, or of any predecessor, parent or related company of either party, who are requested by Outside Counsel of the receiving party to furnish technical or expert services in connection with this litigation;

(iii) Third party contractors involved solely in providing litigation support services to Outside Counsel;

(iv) The Court and its personnel and the jury;

(v) An officer before whom a deposition is taken, including any stenographic and/or court reporter; and

(vi) Any other person agreed to by the Parties in writing or allowed by the Court.

(B)   For Confidential Material designated CONFIDENTIAL, all persons designated in paragraph 4(A)(i)-(vi), and an officer, director, or employee of the Parties.

5.   Before any disclosure of Confidential Material of the producing party is made to an individual pursuant to paragraphs 4(A)(ii), (iii), and (vi), Outside Counsel for the receiving party shall: provide the individual with a copy of this Order; explain its terms; and obtain the individual's written agreement, in the form of Attachment A hereto, to comply with and be bound by its terms. Copies of all written commitments in the form of Attachment A shall be provided to the producing party, upon request, at the conclusion of this litigation.

6.   No Confidential Material shall be shown to an expert or third party technical service contractor pursuant to paragraph 4(A)(ii) until five (5) business days after the receiving party identifies in writing the individual to the producing party and provides the producing party with an executed Attachment A and a curriculum vitae. If the producing party, within five (5) business days of its receipt of written notice and an executed Attachment A, states a good faith basis for objecting to such individual having access to any Confidential Material, such as a conflict of interest with respect to the nature of work in the same field of competition, the individual shall be barred from such access for a ten (10) business day period commencing with the receipt by the producing party of a copy of the executed Attachment A. If within that ten (10) business day period (i) the Parties are unable to resolve their differences, and (ii) the opposing party moves for a further protective order, then the Confidential Material shall not be provided to said individual except by further order of the Court.

7.   Confidential Material may be disclosed to a witness at a deposition (a) if the witness is an officer, director, or employee of the party who produced such Confidential

4

Material, or (b) if the witness was formerly an officer, director, or employee of the party who produced such Confidential Material, and the Confidential Material existed during the period of his or her service of employment.

8. Each transcript of any deposition shall be treated as CONFIDENTIAL - ATTORNEYS' EYES ONLY in its entirety for a period of ten (10) business days after the final transcript is actually received by Outside Counsel for each of the Parties. At the expiration of the said five (5) business day period, unless notice hereunder to the contrary is given, the entire transcript shall continue to be deemed CONFIDENTIAL - ATTORNEYS' EYES ONLY. Within that five (5) day period, however, each party may designate different categories for the transcript. It shall do so by notifying all Parties, in writing, of specific pages and lines of the transcript to be either CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY or Non-Confidential. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody, or control. In the event of designations of different categories for the same text by different Parties, the Parties will confer to reach agreement on the appropriate category, as set forth in paragraph 2 hereof. Until the issue is resolved, the designated material shall be treated as the highest category of protected material designated by anyone. Persons to whom Confidential Material may be disclosed under paragraph 4(B) may attend any deposition, except during testimony which the producing party considers CONFIDENTIAL - ATTORNEYS' EYES ONLY under paragraph 2.

9. Nothing in this Order shall bar or otherwise restrict any Outside Counsel or inside lawyers herein from rendering legal advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of Confidential Material; provided, however, that in rendering such advice and in otherwise communicating with his or her client,

5

such person shall not make any disclosure of Confidential Material to any person not entitled to have access to it.

10. (A) The good faith designation by counsel of Confidential Material shall, without further proof, entitle such material to the protection of this Stipulated Protective Order. If such designation is questioned by any other party, then this Stipulated Protective Order shall be without prejudice to the right of the other party to bring before the Court the question of whether the same is or is not of a confidential nature.

(B) Inadvertent disclosure of Confidential Material, without identifying the same as confidential, shall not be deemed a waiver of confidentiality with regard to similar or related information nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed, if called to the attention of trial counsel for the receiving party promptly and prior to further dissemination to anyone on behalf of the receiving party.

11. If a party seeks to file with the Court documents or information comprising or containing Confidential Material so designed under this Protective Order, the party must file a motion to seal these documents or information pursuant to D.C. COLO. LCivR 7.2 and comply with the requirements of D.C. COLO. LCivR 7.3.

12. If the receiving party disagrees with the confidential status of any document or other material, the receiving party may, after holding a meeting with the designating party, make a request of the Court for an order removing it from the restrictions of this Protective Order.

13. In the event that a party seeks discovery from a non-party to this suit, the non-party may invoke the terms of this Stipulated Protective Order re Confidentiality with respect to any Confidential Material provided to the Parties by the non-party by so advising all Parties to this suit in writing.

14. Within sixty (60) days of termination of this litigation, including any and all appeals therefrom, attorneys for the receiving party shall destroy all Confidential Material received hereunder. All copies of Confidential Material received by others hereunder shall also be destroyed. Notwithstanding the foregoing, Outside Counsel for the receiving party may retain a copy of Confidential Material of a producing party, to the extent reflected or contained in such Outside Counsel's work product or in materials filed with the Court.

15. Prompt written notice shall be given to any party who produced Confidential Material hereunder, in the event that party's Confidential Material is sought by any person not a party to this litigation, by subpoena in another action or by service with any legal process. Any person seeking such Confidential Material who takes action to enforce such subpoena or other legal process shall be apprised of this Protective Order. Nothing herein shall be construed as requiring anyone covered by this Protective Order to contest a subpoena or other process, to appeal any order requiring the production of Confidential Material covered by this Protective Order or to subject itself to penalties for non-compliance with any legal process or order.

16. In the event that Confidential Material designated by the producing party in accordance with paragraph 1 above, is disclosed by the receiving party to any person other than the Qualified Persons defined in paragraph 4, above, or is disclosed in any manner or for any purpose inconsistent with the terms of this Order, the party responsible for the disclosure, within five (5) days of Outside Counsel's awareness of such disclosure, must bring all pertinent facts relating to such disclosure to the attention of Outside Counsel for the producing party and without prejudice to the rights and remedies of the producing party, make every reasonable effort to prevent further disclosure of it and prevent further disclosure by each person who was the eventual recipient of the Confidential Material.

17. Inadvertent production of documents or information subject to the attorney client privilege or work product immunity shall not constitute waiver of such privilege. After receiving notice from the producing party that documents or information subject to the attorney client privilege or work product immunity have been inadvertently produced, the receiving party shall not review, copy or disseminate such documents or information. The receiving party shall return such documents or information to the producing party immediately.

18. The foregoing is without prejudice to the right of any party to apply to the Court for further protection or disclosure relating to discovery.

19. Nothing in this protective order shall prejudice the right of any party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

20. Nothing in this protective order shall prejudice the right of any party to bring before the Court at any time the question of whether any greater or lesser restrictions should be placed upon the disclosure of any Confidential Information.

IT IS SO STIPULATED:

DATED this 12th day of October, 2006.

LASATER & MARTIN, P.C.

*s/ Ryan A. Williams*
Ryan A. Williams
Lasater & Martin, P.C.
8822 South Ridgeline Blvd., Suite 405
Highlands Ranch, CO 80129
Telephone: (303) 730-3900
Facsimile: (303) 730-3939
e-mail: lasaterraw@aol.com

DATED this 12th day of October, 2006.

MERCHANT & GOULD P.C.

*s/ Kirstin L. Stoll-DeBell*
Kirstin L. Stoll-DeBell
Merchant & Gould P.C.
1050 17th Street, Suite 1950
Denver, CO 80265-0100
Telephone: (303) 357-1670
Facsimile: (303) 357-1671
e-mail: kstoll@merchantgould.com

8

**ORDER**

IT IS SO ORDERED.

DATED: October 13, 2006.

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

HON. PATRICIA A. COAN
United States Magistrate Judge

9

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:06-00324-WDM-PAC

PRINCE LIONHEART, INC., a California Corporation

    Plaintiff,

v.

HALO INNOVATIONS, INC., a Minnesota Corporation

    Defendant.

---

**UNDERTAKING OF EXPERT OR THIRD PARTY TECHNICAL SERVICE
CONTRACTOR PURSUANT TO PARAGRAPH 5 OF THE PROTECTIVE ORDER**

---

    I, _____, state the following:

    1.    I have read and understand in its entirety the Stipulated Protective Order ("Protective Order") signed and entered by the Court in this action, and I attest to my understanding that access to material designated under the Protective Order as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" may be provided to me and that such will be pursuant to the terms and conditions and restrictions of the Protective Order. I agree to be bound by and comply with the terms of the Protective Order.

2.   I will not use or disclose to others, except in accordance with the Protective Order, any information subject to the Protective Order. Nothing in this Undertaking will prevent me from using otherwise legally obtained information.

3.   I agree to submit to the jurisdiction of this Court for the purposes of enforcement of this Protective Order, and understand that, in the event that I fail to abide by the terms of the Protective Order, I will be subject to sanctions by way of contempt of Court.

_____
Signature

_____
Printed Name

_____
Address

11