IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-00324-WDM-KLM

PRINCE LIONHEART, INC.,

    Plaintiff(s),

v.

HALO INNOVATIONS, INC.,

    Defendant(s).

_____

## ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter comes before the Court on **Defendant Halo Innovations, Inc.'s Motion for Leave to Take a Preservation Deposition** [Docket No. 91; filed August 23, 2007] (the "Motion").  The Court has reviewed the motion, Plaintiff's Response [Docket No. 101, filed September 5, 2007], the case file, and the applicable law and is sufficiently advised in the premises.

IT IS HEREBY **ORDERED** that the Motion is **GRANTED** as specified below.

In consideration of the fact that the discovery deadline[1] in this case has expired, Defendant moves this Court to allow the preservation deposition of Pam King.  *Defendant's Motion*, p. 1.  As grounds, Defendant states that Ms. King resides outside of the subpoena

---

[1] Set for July 13, 2007.  *Minute Order*, Docket No. 43; filed May 24, 2007.

range of this Court and may not be compelled to give live testimony at trial. *Id.* at p. 4. Defendant further states that it does not intend to use a preservation deposition of Ms. King for the purposes of discovery as the substance of her testimony is already known to both parties via a declaration filed in this case. *Id.* Defendant proposes to conduct a telephone deposition, with a videographer and court reporter present with Ms. King. *Id.* Defendant anticipates that the deposition will take approximately two to three hours, including the time required for Plaintiff to cross examine Ms. King. *Id.* For its part, Plaintiff contends that there are no compelling circumstances to allow the deposition of Ms. King; that Defendant was aware of her potential value before the discovery cut off but was not diligent in deposing her; and that Plaintiff will be prejudiced by the deposition due to the time and expense of attending the deposition. *Plaintiff Prince Lionheart, Inc.'s Response to Defendant's Motion for Leave to Take a Preservation Deposition*, [Docket No. 101; filed September 5, 2007].

Defendant contends that the distinction between a deposition taken for the purpose of discovery and one taken for the purpose of preserving testimony for trial has often been recognized by the courts, and should be used as the determining factor by this Court in deciding whether to permit the preservation deposition. *Defendant's Motion*, p. 1. Defendant is correct that the Federal Rules do not distinguish between these two types of depositions, but courts, as a practical matter, occasionally have. *Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 356 (D.Colo. 2001) (holding that trial depositions are not discovery); *Odell v. Burlington Northern RR Co.*, 151 F.R.D. 661, 663 (D.Colo. 1993)

(holding that trial depositions are not discovery depositions); *Spangler v. Sears, Roebuck and Co.*, 138 F.R.D. 122, 124 (S.D.Ind. 1991) (holding that even though discovery was closed, parties could depose witnesses whose unavailability at trial was anticipated); *contra Henkel v. XIM Products, Inc.*, 133 F.R.D. 556 (D.Minn. 1991) (finding no distinction between a discovery deposition and trial deposition); *Integra Lifesciences I., Ltd. v. Merck KgaA*, 190 F.R.D. 556 (S.D. Cal. 1999) (finding no distinction between a discovery deposition and trial deposition).

In *Estenfelder*, the Magistrate Judge held that "in determining whether a deposition is a discovery deposition or a trial deposition, judges may consider . . . the purpose for which the deposition is being taken." 199 F.R.D. at 355.  The *Estenfelder* court found that attorneys do not normally depose their own witnesses for discovery purposes, because they already know what these witnesses will say when they testify.  *Id.*  Further, if the "primary purpose of the deposition is to preserve testimony for trial, the deposition should not be disallowed" simply because of the possibility that some discovery may occur.  *Id.*; (citing  *Spangler*, 138 F.R.D. at 124).

In determining whether to permit an un-timely preservation deposition, the *Estenfelder* court also considered four factors.  These factors are: "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the

3

court's order." *Id.; see also Summers v. Missouri Pacific Railroad System*, 132 F.3d 599, 604 (10th Cir. 1997).

Like the court in *Estenfelder*, this Court finds that there is a practical distinction between a trial deposition and a discovery deposition. Further, as Defendant is attempting to depose a friendly witness, and as Defendant already knows the content of Ms. King's testimony, the Court holds that this is a trial deposition and not for the primary purpose of discovery. Next, examining the circumstances of this case in light of the four *Estenfelder* factors, and considering the Tenth's Circuit's admonition that, "[t]he decision to exclude evidence [because of untimeliness] is a drastic sanction," this Court finds that these factors weigh in favor of allowing the preservation deposition. *Summers*, 132 F.3d at 604.

Under the first *Estenfelder* factor of potential prejudice or surprise to the party against whom the excluded witness would have testified, Plaintiff argues that conducting a telephone deposition will be prejudicial, as it "is simply not conducive to a thorough and effective cross examination." *Plaintiff's Response,* p.3. Due to this, Plaintiff contends that it will have "no choice" but to attend the deposition of Ms. King in person. *Id*. However, Plaintiff is incorrect. It is Plaintiff's strategic decision to attend a deposition in person or by telephone. Further, telephone depositions are not uncommon. Plaintiff may attend in person or by telephone, but the additional expense to Plaintiff if it decides to attend in person does not outweigh the potential prejudice to Defendant if it is prevented from deposing a witness who may be crucial.

The second factor requires the consideration of any cure which may be provided

in the event that Plaintiff is in fact prejudiced by the preservation deposition. As the only prejudice alleged is the additional expense to Plaintiff, Plaintiff may cure this by attending the deposition via telephone.

The third factor is the potential disruption of the trial. The final pre-trial conference in this case is currently set for October 9, 2007. *Minute Order*, Docket 43; filed May 24, 2007. Considering that the trial date will be set on or after October 9, 2007, it is unlikely that allowing one preservation deposition will disrupt the trial date.

The final factor is the bad faith or willfulness in failing to comply with the Court's order. This Court finds no evidence of bad faith or willfulness. Plaintiff argues that "Defendant has long known that Ms. King has relevant information and that she is outside the subpoena power of this court . . . but chose only to obtain an inadmissible declaration from Ms. King in lieu of deposition or trial testimony." *Plaintiff's Response*, p. 2. For its part, Defendant states that it was not until Plaintiff filed its opposition to Defendant's Motion for Summary judgment on July 18, 2007, five days after the close of the discovery deadline, that Defendant realized that Ms. King may be an important witness in the case. Indeed, Defendant obtained Ms. King's declaration on August 7, 2007, almost a month after the expiration of the discovery deadline. *Defendant Halo Innovations, Inc.'s Reply in Support of its Motion for Summary Judgment on Laches and Estoppel (Public Version),* Docket No. 68; filed August 9, 2007, Ex. 3. Although it may be true that Defendant could have been more diligent in obtaining a timely deposition of Ms. King, this Court finds no evidence of bad faith.

As all of these factors weigh in favor of allowing Defendant to take a preservation deposition of Ms. King, IT IS HEREBY **ORDERED** that **Defendant Halo Innovations, Inc.'s Motion for Leave to Take a Preservation Deposition** [Docket No. 91; filed August 23, 2007] is **GRANTED.**  Defendant is allowed three (3) hours for the deposition of Ms. King, exclusive of the time required by Plaintiff for cross-examination.  Counsel for both parties are directed to meet and confer with regard to an appropriate time and date within which to conduct the deposition.

BY THE COURT:

\_\_s/ Kristen L. Mix_____

United States Magistrate Judge

Dated:  October 5, 2007