# INSTRUCTION NO. \_\_\_\_

## Nature of the Action

This is an action for trademark infringement. Subject to certain defenses, a trademark owner may enforce the right to exclude others in an action for infringement.

A person may acquire the right to exclude others from using a trademark by being the first to use it in the marketplace. Rights in a trademark are obtained only through commercial use of the trademark. The owner of a trademark has the right to exclude others unless the trademark has been abandoned.

In this action, plaintiff Prince Lionheart seeks damages from defendant Halo for trademark infringement.

Defendant Halo denies infringing the trademark and contends the trademark is invalid.

O'Malley, Grenig & Lee, § 159.01

# INSTRUCTION NO. \_\_\_\_

## Trademark

A trademark is a word, a name, a symbol, a device, or a combination of them indicating the source of goods or services. The owner of a trademark has the right to exclude others from using that trademark subject to certain defenses.

O'Malley, Grenig & Lee, § 159.41

INSTRUCTION NO. \_\_\_\_

Registration of Trademark

Once the owner of a trademark has obtained the right to exclude others from using the trademark under appropriate circumstances, the owner may obtain a certificate of registration issued by the United States Patent and Trademark Office. Afterwards, when the owner brings an action for infringement, with certain exceptions, the owner may rely solely on the registration certificate to prove that the owner has the right to exclude others from using the trademark in connection with the type of goods or services specified in the certificate.

There was evidence that "Back to Sleep" was registered as a trademark on February 24, 1998. A certificate of registration of a mark is evidence of the validity of the registration, the registrant's ownership of the mark, and of the registrant's exclusive right to use the mark.

However, you may also consider evidence by defendant Halo that the trademark is invalid. From such evidence you are free to find that a registered trademark is not a valid trademark, in accordance with the instructions on the defenses asserted by defendant Halo, if you find that defendant Halo has proved by a preponderance of the evidence that the trademark is invalid.

O'Malley, Grenig & Lee, § 159.30

## INSTRUCTION NO. \_\_\_\_

## Registered Trademarks

. The law provides that:

(1) Any person who shall, without the consent of the registrant-

(a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or

(b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive,

Shall be liable in a civil action by the registrant for the remedies hereinafter provided.

O'Malley, Grenig & Lee, § 159.10

## INSTRUCTION NO. \_\_\_\_

## Right to Exclusive Use

When a manufacturer or seller has established a trademark by use on or in association with a product before anyone else, subject to certain defenses, the right to use the trademark becomes an exclusive right and the mark is that person's property. With certain exceptions, no other person can use the same or similar words, symbols, designs, or devices in any manner likely to cause confusion, mistake or deception.

O'Malley, Grenig & Lee, § 159.29

## INSTRUCTION NO. \_\_\_\_

### Infringement of Registered Trademark

With certain exceptions, a registered trademark is infringed when a person uses it or a phrase similar to it in a manner likely to cause confusion, mistake, or deception among ordinarily prudent buyers or prospective buyers as to the source of the product. The test is not one of actual confusion, mistake, or deception. Rather, plaintiff Prince Lionheart is required to prove a likelihood of confusion, mistake, or deception.

In order to establish trademark infringement, plaintiff Prince Lionheart has the burden of proving each of the following by a preponderance of the evidence:

> First: Plaintiff's trademark has been registered as a trademark on the principal register in the United States Patent and Trademark Office;

> Second: Plaintiff Prince Lionheart is the registrant of that trademark; and

> Third: Defendant Halo used the trademark without the consent of plaintiff Prince Lionheart in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods.

O'Malley, Grenig & Lee, § 159.20

**INSTRUCTION NO. \_\_\_\_**

**Intentional Infringement**

If you find that defendant Halo has infringed the plaintiff Prince Lionheart's trademark, you must also determine whether defendant Halo used the trademark intentionally knowing it was an infringement.

O'Malley, Grenig & Lee, § 159.93

## INSTRUCTION NO. \_\_\_\_

### Likelihood of Confusion

In determining whether there is or will be a likelihood of confusion caused by the use of "Back to Sleep" by both plaintiff Prince Lionheart and defendant Halo in connection with their products, you may draw on your common experience as citizens of the community. In addition to the general knowledge you have acquired throughout your lifetimes, you may also consider:

1. The degree of similarity between the marks in question.

2. The intent of defendant Halo in adopting the mark, that is, whether there was an intent to confuse.

3. The manner and method in which plaintiff Prince Lionheart and defendant Halo used "Back to Sleep".

4. The similarity between the products in question.

5. The degree of care likely to be used by purchasers.

6. Other factors about the product that would tend to reduce any tendency to confuse the purchaser as to the source of origin of the product.

In light of these considerations and your common experience, you must determine if ordinary consumers, neither overly careful nor overly careless, would be confused as to the origin of the products upon encountering the mark "Back to Sleep" as the respective parties have used it in connection with the products. No one factor or consideration is conclusive, but each aspect should be weighed in light of the total evidence presented at the trial.

O'Malley, Grenig & Lee, § 159.25

# INSTRUCTION NO. \_\_\_\_

## Statutory or Actual Notice

In order for plaintiff Prince Lionheart to recover damages, plaintiff Prince Lionheart has the burden of proving by a preponderance of the evidence that defendant Halo had either statutory or actual notice that plaintiff's trademark was registered.

Defendant Halo had statutory notice if any of the following factors is satisfied.

1. Plaintiff Prince Lionheart displayed with the trademark the words "Registered in the U.S. Patent and Trademark Office" or

2. Plaintiff Prince Lionheart displayed with the trademark the words "Reg. U.S. Pat. & Tm. Off." or

3. Plaintiff Prince Lionheart displayed the trademark mark with the letter "R" enclosed within a circle.

Defendant Halo had actual notice if it conducted a trademark search and found or should have found Plaintiff Prince Lionheart 's mark.

Damages are awarded from the time of notice on.

O'Malley, Grenig & Lee, § 159.90

# INSTRUCTION NO. ____

## Unfair Competition-Likelihood of Confusion-False or Misleading Representations-Elements and Burden of Proof

Plaintiff, Prince Lionheart, claims that Halo's use of the "Gold Seal" endorsements that were used in advertising and on packaging containing the mark "Back to Sleep" was false and misleading.

On plaintiff's claim for unfair competition, the plaintiff has the burden of proving each of the following by a preponderance of the evidence:

1. defendant used in commerce a false description of fact, or misleading description of fact, or false representation of fact, or misleading representation of fact on or in connection with any goods or container for goods;

2. the use of the false description of fact, or misleading description of fact, or false representation of fact, or misleading representation of fact is likely to cause confusion or cause a mistake or deceive as to

    the affiliation or connection or association of the defendant with another person;

    the sponsorship or approval of the defendant's good by another person; and

3. plaintiff was or is likely to be damaged by the actions of defendant.

(15 U.S.C. § 1125(a)(1))

## INSTRUCTION NO. \_\_\_\_

The defendant has admitted the following facts.  Further proof to establish these facts is not necessary:

1. Halo used the phrase "Back to Sleep" in connection with its sleepsack wearable blanket.

2. Halo used the phrase "Back to Sleep" as a logo on its wearable blanket.

3. Halo embroidered the phrase "Back to Sleep" on the upper right corner of its wearable blanket.

4. Plaintiff Prince Lionheart, is the record owner of the registered mark "Back to Sleep".

5. Halo uses/used this mark on its wearable blanket.

6. Halo's wearable blanket competes with Prince Lionhearts' wearable blanket.

7. Halo used the phrase "Back to Sleep" in connection with advertisements and press releases.

\

Answer of Defendant Halo, 7/19/2006

# INSTRUCTION NO. _____

## Actual Damages for Infringement of Registered Trademark

If you find for the Plaintiff Prince Lionheart on plaintiff's infringement claim and find that defendant Halo had statutory notice or actual notice of the plaintiff's registered trademark you must determine plaintiff's damages.  Plaintiff Prince Lionheart has the burden of proving damages by a preponderance of the evidence.

Damages means the amount of money that will reasonably and fairly compensate plaintiff Prince Lionheart for any injury you find was caused by the defendant's infringement of the plaintiff's registered trademark.

You should consider whether any of the following exists, and if so to what extent, in determining plaintiff's damages:

1. Any injury to the plaintiff's reputation;
2. Any injury to plaintiff's goodwill, including any injury to the plaintiff's general business reputation;
3. Any loss of plaintiff's sales as a result of the defendant's infringement;
4. Any loss of plaintiff's profits;
5. Any expense of preventing customers from being deceived;
6. Any cost of future corrective advertising reasonably required to correct any public confusion caused by the infringement; and
7. Any other factors that bear on plaintiff's actual damages.

When considering damages, you must not over compensate.  Any award of such future costs should not exceed the actual damage to the value of plaintiff Prince Lionheart's mark at the time of the infringement by defendant Halo.

O'Malley, Grenig & Lee, § 159.91

# INSTRUCTION NO. ____

## Profits

In addition to actual damages, plaintiff Prince Lionheart is entitled to any profits earned by defendant Halo that are attributable to the infringement.  However, you may not include in any award of profits any amount that you included in determining actual damages.

Expenses are all operating and overhead and production costs incurred in producing the gross revenue.  Defendant Halo has the burden of proving the expenses and the portion of the profit attributable to factors other than use of the infringed trademark by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of the goods using the trademark is attributable to factors other than use of the trademark, you must find that the total profit is attributable to the infringement.

O'Malley, Grenig & Lee, § 159.92